1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMISI JERMAINE CALLOWAY,                    No. 2:24-cv-02381-EFB (PC)

12                    Plaintiff,

13         v.                                     ORDER & FINDINGS AND
                                                  RECOMMENDATIONS
14   RONALD BROOM, et al.,,

15                    Defendants.

16

17         Plaintiff is incarcerated in state prison and proceeding pro se with this civil rights action

18   under 42 U.S.C. § 1983.  Plaintiff initiated the action by filing a complaint on August 30, 2024,

19   ECF No. 1, and, the same day, moved to proceed in forma pauperis.  ECF No. 2.  A review of

20   court records shows, however, that plaintiff is a "three strikes" litigant.  *See* 28 U.S.C. § 1915(g);

21   *Calloway v. Nieves*, No. 2:19-cv-1792 KJM CKD P, 2020 WL 6074593 (E.D. Cal. Oct. 15,

22   2020), *report and recommendation adopted*, No. 2:19-cv-1792 KJM CKD P, 2021 WL 217451

23   (E.D. Cal. Jan. 21, 2021); *see also Calloway v. Broom*, No. 2:24-cv-02445-SCR P, 2025 WL

24   2897178 (E.D. Cal. Oct. 10, 2025); *Calloway v. Naphcare Inc.*, No. 2:24-cv-2446 CKD P, 2024

25   WL 4466575 (E.D. Cal. Sept. 19, 2024).  Plaintiff is therefore precluded from proceeding in

26   forma pauperis in this action unless he is "under imminent danger of serious physical injury."  28

27   U.S.C. § 1915(g).

28   ////

                                                  1

1    The "imminent danger" exception applies at the time of filing the complaint. *Andrews v.*
2    *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasizing that "it is the circumstances at the
3    time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to
4    § 1915(g)"). A prisoner's complaint can demonstrate "imminent danger" by alleging "an ongoing
5    danger." *Id*. at 1056–57 (holding that "a prisoner who alleges that prison officials continue[d]
6    with a practice that has injured him or others similarly situated in the past will satisfy the
7    'ongoing danger' standard"); *see also Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015)
8    ("[A] prisoner subject to the three-strikes provision may meet the imminent danger exception and
9    proceed in forma pauperis on appeal if he alleges an ongoing danger at the time the notice of
10   appeal is filed.").

11   Plaintiff's allegations do not satisfy the "imminent danger" exception of § 1915(g). In his
12   complaint, plaintiff alleges that he was subjected to excessive force at CHCF-Stockton, the
13   injuries from which were exacerbated by delays in medical treatment; that he suffered retaliation
14   after filing grievances related to this incident; and that the excessive force incident would not
15   have occurred had correctional staff been required to use body cameras. ECF No. 1 at 8-16. He
16   seeks monetary and punitive damages from the defendants and requests an injunction requiring
17   "all CDCR personnel, custody, and medical staff who deal with the custody and care of
18   inmates/patients to be equipped with body audio/visual cameras." *Id*. at 16.

19   Despite the seriousness of the allegations, the undersigned does not find that the complaint
20   alleges that plaintiff is under imminent danger of serious physical injury under § 1915(g). In his
21   complaint, plaintiff alleges that the incident of excessive force occurred on September 6, 2022,
22   and that subsequent retaliation, including delays in medical care, occurred from that date until
23   March 18, 2023. ECF No. 1 at 8-15. There is nothing in these allegations indicating that plaintiff
24   is or believes himself to be under imminent risk of a serious physical injury at the present time.
25   *See id*. Thus, because the alleged harmful practices have long ceased, per plaintiff's allegations
26   in his complaint, there was no "imminent danger" when plaintiff initiated the action so as to
27   satisfy § 1915(g). Accordingly, the undersigned recommends that plaintiff's request for leave to
28   proceed in forma pauperis be denied.

2

1

2                                          **CONCLUSION**

3              Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

4     assign a District Judge to this action.

5              In addition, IT IS HEREBY RECOMMENDED that:

6              1. Plaintiff's request to proceed in forma pauperis (ECF NO. 2) be denied; and

7              2. Plaintiff be granted thirty (30) days from the date of the adoption of this finding

8     and recommendation to pay the $405 filing fee for this action.

9              These findings and recommendations are submitted to the United States District Judge

10    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21)

11    days after being served with these findings and recommendations, plaintiff may file written

12    objections with the court. Such a document should be captioned "Objections to Magistrate

13    Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

14    the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951

15    F.2d 1153 (9th Cir. 1991).

16

17    Dated: December 16, 2025

18                                                                      EDMUND F. BRENNAN
                                                                        UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

                                                      3